# RIVERS *vs.* THOMPSON.

[ACTION FOR RECOVERY OF LAND.]

1. *Adverse possession of wild lands ; what constitutes.*—The mere cutting of timber on wild lands is not such actual possession as the law requires to constitute adverse possession, if the lands be suitable for other purposes.
2. *Special charge ; when not error to refuse.*—It is not error for the court to refuse to give a special charge, the substance of which has been plainly given in other special charges, or in the main charge.

APPEAL from Circuit Court of Barbour.
Tried before Hon. J. McCALEB WILEY.

This was a suit instituted by appellee against appellant, on 24th September, 1858, for the recovery of certain lands in Barbour county, of which Shorter & Scott were the original government patentees. Shorter died in 1836, and Scott prior to 1853, in which year Scott's administrator obtained from the probate court of Russell an order to sell at Clayton, Barbour county, the undivided half interest of his intestate in said lands. The sale was made 25th of June, 1853, to one Robertson, who paid purchase-money same year. The confirmation of the sale was not had until 9th May, 1859, and deed to Robertson by Scott's administrator made on 2d June, 1859. On the 11th April, 1857, Robertson conveyed to the heirs of Shorter. The heirs of Shorter conveyed on 3d June, 1857, to appellee, the entire interest in the land in dispute. On 11th January, 1859, Robertson gave to heirs of Shorter a quit claim. In the summer of 1858 appellee deadened trees on part of the land, and was stopped from further possession of same by appellant.

Appellant set up in defense—1st, tax title ; 2d, adverse possession, and proved the assessment of said lands for taxes in 1853 to an unknown owner, advertisement of sale, and their sale on 3d April, 1854, to Wellburn, who received

a deed from probate court on 16th April, 1856. Wellburn conveyed one-half interest to appellant 11th December, 1856. In January, 1857, a tenant of appellant cut some trees on a part of said land, but soon after abandoned it. Appellant cut timber on said land in 1858, before the appellee undertook to clear it. After the suit appellant cultivated the land, which was productive for corn and cotton. It was admitted that in 1857, the said lands were wild, unimproved and uncultivated. There was proof tending to show proper legal notices given in each precinct by the tax assessor, before the said assessment in 1853.

Upon the foregoing evidence the court charged the jury as follows : "That upon the several deeds and patents, as read in evidence by the plaintiff, (there being no dispute as to their execution and fairness) he was entitled to recover all the lands described in the complaint, unless the right of recovery shown by them was defeated by evidence adduced by the defendant.

That defendant placed his defense on two grounds. First, the deed of the tax collector to Wellburn, and Wellburn's deed to him of an undivided one-half of the land. Second, that the defendant had adverse possession of the land at the time it was conveyed to the plaintiff by the deed of the Shorter heirs.

First, the jury should inquire whether the tax assessor of Barbour county, in 1853, posted bills or notices at three public places in each election precinct in this county at least fifteen days before he attended each precinct to assess taxes, (it being admitted that the assessor gave no such notice in any newspaper). That if the jury should find from the evidence that the tax assessor had not given the notice required by § 428 of the Old Code of Alabama, as read in their hearing, then they must stop their inquiries on the first ground of defense, and find for the plaintiff the lands described in the complaint ; that if, however, they found that the tax assessor had given the notices required by § 428 of the Old Code, then they must go further with their inquiries, and see whether the tax collector had done what the law required of him in selling the land. That it

Rivers v. Thompson.

was necessary to the validity of the tax title that both the tax assessor and the tax collector should comply with all the requirements of the law in relation to assessments and sales to pay taxes, and that if either of them failed to comply with any of these requirements the tax sale would not be valid; that if, however, these requirements were complied with the tax sale and conveyance thereunder would be good, and the jury must find for the defendant.

On the second ground of defense the jury should inquire whether at the time the several deeds under which the plaintiff seeks recovery were executed, the defendant was holding said lands adversely.

That adverse possession was a question of fact for the jury to decide upon all the evidence. That to constitute adverse possession the defendant must take possession under color of title, and hold the same in good faith openly, notoriously and continually; that it was not necessary that the defendant be on the land all the time, he need not live on it, but he must have actual possession of some part of the land, and that possession must be open, visible, distinct and continuous, by such acts of ownership as the land was capable of.

That cutting of timber on land, fit for no other purpose, might be adverse possession, but if the land was suited to other purposes, then cutting of timber alone would not be sufficient to constitute adverse possession; that the deed of the tax collector was color of title enough, if the possession of the defendant was taken and held under it adversely.

That the defendant must have had adverse possession when the deed from Shorter's heirs was executed to plaintiff in June, 1857, and that the taking of possession in January, 1857, would not make the Shorter deed void, if that possession was abandoned before the deed to plaintiff was executed.

The appellant and appellee both asked several written charges, which were given, and appellant asked three written charges which were refused. It is unnecessary to set out the two first charges thus asked and refused, or even

their substance, as in the opinion of the court they were identical in principle and almost the same in words as the charges given at the request of the parties.

The third charge, thus asked by appellant and refused, is as follows :

" The jury have nothing to do with the question whether any other tax collector's deed, than the one read in evidence on the trial, ever conveyed a good title. If the jury believe from the evidence that every requisition of the statute law was complied with by the tax assessor and the tax collector in relation to the land here in controversy, and if the jury believe all the evidence in the cause, they must find a verdict for the defendant."

To the charges given appellant excepted, as well as to the refusal of the court to give the charges asked for. There was a verdict and judgment for appellee.

GOLDTHWAITE, RICE & SEMPLE, for appellants.

J. L. PUGH, contra.

(No briefs came into the hands of the Reporter.)

B. F. SAFFOLD, J.—The charge in chief, to which the appellant excepted entirely, asserted the following propositions : 1st. The evidence of the plaintiff entitled him to recover, unless his right to do so was defeated by something adduced by the defendant. 2d. The defendant's tax title would be good if all the requirements of the law had been complied with. There was no question about what these requirements were. 3d. Actual, notorious, visible and continuous possession under color of title was necessary to constitute adverse possession. A tax title was sufficient color of title. if the possession was otherwise adverse. 4th. The deed from Shorter's heirs would not be vitiated by a prior adverse possession, which was abandoned at the date of the deed. 5th. Cutting timber on land fit for no other purpose might be adverse possession, but if the land was suitable for other purposes such mere acts of occupation would not be sufficient.

We see no objection to this charge; each proposition contained in it has been distinctly asserted by this court in other cases. It is not claimed that the plaintiff had actual notice of the defendant's occupation at the time of, or before the conveyance to him.—*Farley v. Smith*, 39 Ala. 38 ; *Brown v. Cockerell*, 33 Ala. 38 ; *Marston v. Rowe*, 43 Ala. 271 ; *Rivers v. Thompson*, 43 Ala. 533.

The first and second charges of the defendant, refused by the court, are correct in principle, but are contained in the charge in chief, even to the declaration that the possession of a part of the land under color of title to the whole was possession of the whole. The court may have refused them, on the ground that they had already been given.

The third charge of the defendant, refused, invaded the province of the jury.

The judgment is affirmed.

Application for re-hearing by appellant.

SAFFOLD, J.—We are asked to re-hear this case on two points. 1st. That the plaintiff did not have, at the commencement of his suit, the legal title to that portion of the land formerly owned by Scott. 2d. That the charges of the defendant refused by the court ought to have been given.

The sale of Scott's interest was made by his administrator, and the purchase-money was paid in 1853. Robertson, the purchaser, conveyed to the plaintiff, or those under whom he claims, in 1857. The sale to Robertson was confirmed and title ordered in 1859. The suit was commenced in 1858.

The doctrine of relation is applicable when necessary to promote the ends of justice, as to avoid the effect of an adverse possession, intermediate the conclusion of the contract and the giving of the deed, or to render an intermediate sale by the grantee valid.—*Jackson v. Bull*, 1 Johns. Ch. Cas. 81 ; *Jackson v Raymond, ib.* 85 ; *Johnson v. Stagg*,

2 Johns. Rep. 500; *Jackson v. Dickenson*, 15 Johns. 309; 8 N. Car. (Iredell) 505. Where there are divers acts concurrent to make a conveyance, estate or other thing, the original act shall be preferred, and to this the other act shall have relation.—*Jackson v. McCall*, 3 Cow. 75.

We think the deed made to Robertson by the administrator of Scott should relate back at least to his payment of the purchase-money, in order to support his conveyance to Shorter's heirs.

The other point was considered in the first opinion.

A re-hearing is denied.