[Montevallo Mining Co. v. Southern Mineral Land Company.]

proceeding was invalid, the sale void, and the deed inadmissible as a muniment of title.

We are not unmindful of the fact that since the Code of 1896 the tax collector has not been required, as formerly, to evidence his report by an affidavit appended to his delinquent docket, and forming a part of it, that he has made diligent search for personal property, and has been unable to find any out of which he could collect the taxes, or any part thereof. But the dropping of this latter requirement affects merely the mode of evidencing the fact, and does not dispense with the fact itself, however it may now be appropriately shown—a question not before us.

The action of the trial court in rejecting the deed as evidence was, in the state of the case shown by the record, free from error; and, the plaintiff offering no other evidence of right or title in himself, the general affirmative charge was properly given for the defendant.

In this view of the case, the other assignments of error are immaterial and need not be noticed. The judgment is affirmed.

Affirmed.

All the Justices concur, except DOWDELL, C. J., not sitting.

# Montevallo Mining Co. *v.* Southern Mineral Land Company.

## *Ejectment.*

(Decided Jan. 30, 1912.   57 South. 377.)

1. *Adverse Possession; Extent; Color of Title; Constructive Possession Under Deed.*—One who enters upon land under a deed or color of title, and improves a portion of it, will usually be construed as possessed of the whole co-extensive with the boundaries

[Montevallo Mining Co. v. Southern Mineral Land Company.]

described in the written instrument under which he claims title, if there be no antagonistic possession; this is particularly true where the person so entering makes a notorious claim to the whole by any acts suitably asserting his claim of ownership.

2. *Same; Possession From Vendor Without Title.*—Where a vendor conveys two separate and distinct tracts to only one of which he has the title, an entry upon and occupancy of that tract, to which his title is good will not, without more, operate as a disseizen of the owner of the other tract to which the vendor had no title.

3. *Same; Jury Question.*—The evidence considered and it is held that the question of the defendant's adverse possession of the land was one for the jury.

APPEAL from Shelby County Court.

Heard before Hon. W. B. BROWNE. Special

Ejectment by the Southern Mineral Land Company against the Montevallo Mining Company. Judgment for plaintiff and defendant appeals. Reversed and remanded.

A. LATADY, for appellant. Where the vendor conveys two separate tracts to only one of which he has title, an entry upon and occupation of that tract of which he has title will not, without more, operate a disseizen of the owner of the tract to which the vendor had no title. —*Fenno v. Sayre,* 3 Ala. 458; *Bailey v. Carlton,* 37 Am. Dec. 190; *Steward v. Harris,* 9 Humph. 714; *Woods v. Montevallo C. Co.,* 84 Ala. 565; *Barry v. Madaris,* 156 Ala. 475.

MCMILLAN & HAYNES, and THETFORD & MCKENZIE, for appellee. It is not argued that the alleged acts of dominion which were asserted over the Watts' entry by the predecessors in title of the Mining Company, were sufficient in themselves to confer title by adverse possession, even though they were under color of title. This could not be argued in the face of the following authorities.—*Alexander v. Savage,* 90 Ala. 383; *Coleman v. Stewart,* 53 South. 1020. The only logical state-

ment of the law which will apply to the fact in this case is found in the following opinion.—*Stewart v. Harris,* 9 Humph. 714, cited with approval in *Woods v. Montevallo C. Co.,* 84 Ala. 560; *Henry v. Brown,* 143 Ala. 466. The five elements essential to show adverse possession are stated in *Lawrence v. Ala. S. L. Co.,* 144 Ala. 528. In order to charge a subsequent vendee with notice, there must be a visible change in possession.—*King v. Paulk,* 85 Ala. 186. As to what is meant by the terms "acts of ownership" see *Page v. Eddy,* 179 Ill. 492; *Farley v. Smith,* 39 Ala. 38. The question as to what constitutes adverse possession is settled in Alabama.—*Eureka Co. v. Norment,* 104 Ala. 625, and authorities cited. No presumption is indulged that the vendor intended to convey lands he did not own or claim.—*Chambers v. Ringstaff,* 69 Ala. 140.

DOWDELL, C. J.—This is a common-law action in ejectment by the Southern Mineral Land Company, appellee here, against the Montevallo Mining Company, appellant, to recover the possession of a 40-acre tract of land, namely, the S. W. ¼ of the S. E. ¼ of section 12, township 22 S., range 4 W., in Shelby county. The defendant, entering into the consent rule, pleaded not guilty, and also the statute of limitations of 10 years, setting up adverse possession under color of title. The plaintiff introduced in evidence a complete chain of paper title from the government down to itself, and upon this evidence alone rested its case, making no pretense of actual possession in it or in any of its predecessors in grant, but relying upon constructive possession under its legal title.

For the purpose of showing color of title, the defendant introduced in evidence deeds embracing proximately 1,400 acres which included the 40-acre tract or sub-

division in dispute. The different tracts constituting the 1,400 acres, including the particular 40 shown in the color of title, were contiguous. The deeds introduced in evidence by the defendant formed a connected chain reaching back as far as the year 1857. The defendant did not deny the superior paper title of the plaintiff, but sought to show in connection with the color of title offered, adverse possession for the period necessary to constitute a bar to plaintiff's right of recovery. On the conclusion of all of the evidence, the trial court, at the request of the plaintiff in writing, gave the general affirmative charge to find for the plaintiff. The giving of this charge constitutes the only assignment of error on this appeal. The plaintiff made no pretense of ever having had actual possession of the land, but, as already stated, relied on its legal title and constructive possession that the legal title draws to it. The defendant and its predecessors in grant had actual possession of the other lands constituting the 1,400-acre tract described in the deed offered as color of title to the 40-acre tract in dispute, and operated an ore mine on a portion of the lands described, outside of the particular 40.

The question presented is that of a vendor conveying by single deed two distinct tracts of land, to one of which he has the legal title, and to the other he has not the legal title, and how far and to what extent actual possession by the vendee under the deed of the tract to which the vendor had the legal title may be extended to the other tract described in the deed to which he had no legal title.

This question was under consideration in the case of *Woods v. Montevallo Coal & Transportation Co.,* 84 Ala. 560, 3 South. 475, 5 Am. St. Rep. 393, where it was said by this court (speaking through Somerville, J.) :

[Montevallo Mining Co. v. Southern Mineral Land Company.]

"How far color of title to the land, accompanied by actual occupancy of a part, will extend the occupant's possession constructively to the whole tract included in the deed, is not definitely settled, and, we may add, is a subject full of difficulty. The general rule is that where one enters upon a tract of land, with a deed or color of title to it, his actual occupation and improvement of a portion of it will usually be construed as a possession of the whole, coextensive with the boundaries described in the written instrument under which he claims title, if there be no antagonistic possession.— *Burks v. Mitchell,* 78 Ala. 61, and cases cited; *Farley v. Smith,* 39 Ala. 38. Particularly is this true where the person so entering makes a notorious claim to the whole by any acts suitably asserting his claim of ownership. —*Crowell v. Bebee,* 10 Vt. 33, 33 Am. Dec. 172. "The authorities limit the application of this rule by the further principle that, where the vendor conveys two separate and distinct tracts of land, to only one of which he has title, an entry upon and occupancy of that tract of which his title is good will not without more operate as a disseisin of the owner of the other tract to which the vendor had no title.—*Bailey v. Carleton,* 12 N. H. 9, 37 Am. Dec. 190; *Stewart v. Harris,* 9 Humph. (Tenn.) 714. A sufficient reason for this, perhaps, is that such actual possession of the occupant is perfectly consistent with the constructive possession of the real owner of the other tract which the law attaches to the true title, and does not therefore per se disturb it. Nor is there anything in one's occupation of his own land to which he has title which would impute notice to another that he claims an unreasonably extended possession constructively asserted under a paper title, which may be either unrecorded, or, if recorded, does not necessarily operate as notice to strangers.—*Fenno v. Sayre,* 3 Ala.

458.   But such constructive possession of the occupant may, of course, become adverse by acts of dominion or ownership properly asserted over the unoccupied tract, in the absence, we repeat, of any actual possession by the true owner.   And it is evident that less notoriety and even less frequency of such acts of ownrship will be requird with possssion under color of title than without it.—*Hodges v. Eddy,* 38 Vt. 327; Trial of Title to Land (Sedg. & Wait 2d Ed.) § 771.   The use made of the land must be suited to its nature, adaptability, and locality.   In a recent case it was said that the cutting and removing timber from wild land unfit for any other use might amount to a possession, and, if accompanied by color of title, might constitute a disseisin.—*Childress v. Calloway,* 76 Ala. 128, 133; *Rivers v. Thompson,* 46 Ala. 335; *Burks v. Mitchell* , 78 Ala. 61.   In another case it was held, where the occupant cleared, fenced, and improved 200 acres of the tract consisting of 1,500 acres, and paid taxes on the whole, cutting trees from the uninclosed part for fencing, firewood, and timber, his actual possession of the part extended over the whole by color of title which he held to it.— *Munro v. Merchant,* 28 N. Y. 9.   The doctrine of adverse possession rests upon the presumed acquiescence of the party against whom it is held and such acquiescence again presumes knowledge.   All the law requires, therefore, is that the possession, or rather the acts of dominion by which it is sought to be proved, shall be of such character as may be reasonably expected to inform the true owner of the fact of possession and an adverse claim of title.—*Foulke v. Bond,* 41 N. J. Law, 547; *Farley v. Smith,* 39 Ala. 44.   It is sufficient if such owner has either knowledge or notice of such fact of possession and claim, which, as said by Baron Parke in *May v. Chapman,* 16 Mess. & Wels. 355, 'mean not merely ex-

press notice, but knowledge or the means of knowledge to which the party willfully shuts his eyes.—*Wells v. Sheerer,* 78 Ala. 142.'" The principles stated in the cited case were reaffirmed in *Henry v. Brown,* 143 Ala. 446, 39 South. 325, and we have quoted at length from the *Woods Case* because opposing counsel in the case at bar seem to differ in their understanding of what was there decided. The court in that case recognized the limitation put upon the general rule of extending the possession under color of title to the boundaries described in the instrument in cases where the vendor conveys two separate and distinct tracts to only one of which he has the legal title.

The deeds introduced in evidence by the defendant *"without more"* (italics ours) would have been insufficient to have extended the defendant's possession constructively to the 40-acre tract in dispute, and of which the plaintiff had constructive possession under its legal title, so as to effect a disseisin of the plaintiff. And, if this had been all of the evidence, the court would have been justified in giving the general charge in favor of the plaintiff. But there was *more.* In connection with the deeds introduced by the defendant as color of title, there was evidence on the part of the defendant which tended to show an asserted claim of ownership by the defendant and its predecessors in grant for 25 years or more, and that such claim of ownership was one of general notoriety. There was evidence, also, which tended to show acts of dominion by the defendant and its predecessors in the cutting of timber on the tract in dispute for mining purposes on adjacent lands of the defendant; such cutting of timber by the defendant being at divers times and extending over a period of more than 20 years. It was open for the jury to infer from all of the evidence that the land was only suitable for timber,

[Montevallo Mining Co. v. Southern Mineral Land Company.]

except a very small part near the north line, which was cultivated by one Harris, who occupied adjacent land under a lease, and by mistake crossed the line into the 40 in dispute, clearing and cultivating a few acres. There was also evidence tending to show that the man Harris continued in this cultivation after discovery of the mistake in recognition of the defendant's claim of ownership. There was an absence of evidence tending to show actual possession or any acts of dominion or ownership by the plaintiff over the land. It was open for the jury under all of the evidence to infer knowledge or notice by the plaintiff of the defendant's asserted claim of title, and its, the plaintiff's, acquiescence in the defendant's claim of title.

In this state of the evidence, under the principles laid down in *Woods v. Montevallo Co., supra,* the question of adverse possession of the land in dispute by the defendant became a question for the determination of the jury, and the trial court therefore erred in giving the general affirmative charge in favor of the plaintiff. For this error the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, SAYRE, and SOMERVILLE, JJ., concur. SIMPSON, MCCLELLAN, and MAYFIELD, JJ., concur in the conclusion.