# Creagh *v*. Bass.

## Trover and Conversion.

(Decided December 17, 1914. 67 South. 288.)

*Logs and Logging; Timber Rights; Conversion of Timber.*— Where. by constructive severance, timber rights have been conveyed separate from the land, the possession of the land is not the adverse possession of the timber, and the owner of the timber right may recover for the conversion of his property, although not in possession of the land.

[Creagh v. Bass.]

APPEAL from Washington Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by W. T. Creagh against Harry Bass, for the conversion of certain timber. Judgment for defendant and plaintiff appeals. Reversed and remanded.

GRANADE & GRANADE, for appellant.

R. P. ROACH, for appellee.

MAYFIELD, J.—This action is to recover damages for timber taken from certain lands described in the record. There had been a severance of the timber and timber rights from the surface or freehold estate before either of the parties to this suit claimed any right to the timber in question. Neither of the parties claims any right to the land, other than to the timber thereon. The defendant claims title to the timber as purchaser from one Everett, who is conceded to own the land, but who, the plaintiff claims, did not own the timber or the timber rights—contending that such title and rights had passed to himself (plaintiff), and that, consequently, Everett had no title to the timber, and no rights to convey to the defendant.

This action originated in a justice court, where plaintiff recovered a judgment; and on appeal to the circuit court the trial court gave the affirmative charge for the defendant, on the theory that the plaintiff was not in the possession of the land at the time the timber was cut and removed, but that the possession was then in one Everett, from whom the defendant purchased the timber. If the title to the timber in question had depended upon the title to the land—that is, if there had never been a conveyance of the timber and timber rights, thus constructively severing them from

[Creagh v. Bass.]

the freehold—the ruling of the trial court would be correct.—*Aldrich Co. v. Pearce,* 184 Ala. 610, 64 South. 321, and authorities cited. But where, as here, there has been a constructive severance of the timber and timber rights from the remaining estate in the land, by a separate conveyance of the timber, then the possession of the land may not be adverse possession of the timber, but be subject to the right of the owner of the timber to remove it, if exercised within the time and according to the terms of the conveyance or sale by which the timber was so constructively severed from the land.

While it is true that the owner of the land claimed to own the timber also, and he sold or attempted to sell to the defendant, yet there was evidence to the effect that he did not own the timber, and did not even claim to own it as against this plaintiff. There was sufficient evidence in this case (if the jury believed it) that the plaintiff owned the timber in question, and that neither the defendant nor Everett had such adverse possession of the land or of the timber as would prevent a recovery in this case. It was not at all necessary, in this case, to determine the title to the land, in order for the plaintiff to recover, nor was it conclusively shown that the defendant or Everett was in such adverse possession of the land as would preclude the plaintiff from recovering the timber thereon, or damages for its destruction or conversion.

The trial court, therefore, erred in giving the affirmative charge for the defendant.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.