# Austin & Sons, *et al. v.* Hunter.

## *Assumpsit.*

(Decided May 20, 1915.  69 South. 113.)

1. *Justice of the Peace; Judgment; Conclusiveness.*—In an action in which a writ of garnishment was issued to collect a judgment, where the justice court had jurisdiction both of the person and the subject matter, its judgment for plaintiff was conclusive of defendant's indebtedness to plaintiff, and could not be impeached by the parties or their privies in a collateral action on the garnishment bond for wrongful garnishment.

2. *Judgment; Res Judicata.*—Where the plea of the general issue is interposed with leave to give in defense any matter that can be well pleaded, and no objection was raised and issue joined thereon, the defense of res judicata is available as though specially pleaded.

CERTIORARI to Court of Appeals.

Action by Connie Hunter against C. H. Austin & Sons and others, on a garnishment bond. Judgment for plaintiff, and on appeal to the Court of Appeals, the cause was affirmed, and appellants bring certiorari to review the judgment and decision of the Court of Appeals. Writ granted, and the cause reversed and remanded.

TROUP & NIX, for petitioner.

WERT & LYNNE, contra.

THOMAS, J.—This cause comes to us by certiorari from the Court of Appeals. When first considered by that court the case was reversed and remanded; but on application for a rehearing the judgment of reversal was set aside, and the judgment of the lower court affirmed.

The record informs us that the appellee, Connie Hunter, brought suit against the appellants, C. H. Austin & Sons, and the sureties on the garnishment bond which they had executed to procure the issuance of a writ of garnishment in aid of a previous suit, pending in a justice court, which C. H. Austin & Sons had brought on account against appellee. It appears further that Hunter was duly served with summons in the justice court suit, and that the suit there proceeded regularly to judgment in favor of C. H. Austin & Sons and against the said Hunter—all of which occurred before the present suit was instituted on the garnishment bond.

The breach of the bond alleged in this action is (in one count) that the garnishment was wrongful, and (in the other) that it was wrongful and malicious, in that Hunter did not owe the debt on which the garnishment was founded. When the cause was first considered by

[Austin & Sons, et al. v. Hunter.]

the Court of Appeals it was reversed and remanded, for the reason that the question of whether or .not Hunter owed the debt was determined against him by the introduction in evidence of the former judgment in the justice court case in aid of which the garnishment issued.

(1) The justice court in which the judgment was rendered had jurisdiction both of the person and of the subject-matter, and the judgment so rendered was conclusive of indebtedness. Being thus adjudicated, it could not be impeached by the parties or privies in a collateral action between the same parties in a suit on the garnishment bond.—*Logan, Adm'r, v. C. I. & C. Co.,* 139 Ala. 548, 36 South. 729; *Peet & Co. v. Hatcher,* 112 Ala. 514, 21 South. 711, 57 Am. St. Rep. 45.

(2) The plea of the defendant as disclosed by the record was the general issue, " with leave to give in defense any matter that can be well pleaded." Under such pleadings, unobjected to, and issue joined thereon, the defense of res judicata was available, as though specially pleaded.—*Converse Bridge Co. v. Collins,* 119 Ala. 534, 538, 24 South. 561; *L. & N. R. R. Co. v. Williams,* 5 Ala. App. 615, 644, 56 South. 865, 59 South. 673.

The lower court was thus in error in permitting plaintiff, over the objection and exception of the defendant, to offer evidence tending to show that the judgment rendered against him in the suit in aid of which garnishment issued was the result of a mistake or an error in the justice court. The plaintiff should have sought to correct this judgment by appeal or other appropriate remedy, if he wished to avoid its conclusive effect.

The Court of Appeals was in error in setting aside its former judgment of reversal and remandment in the cause.

The writ of certiorari is granted, the judgment is reversed, and the cause is remanded. All the Justices concur.