(89 South. 79)

### HAMILTON v. PRUITT. (8 Div. 264.)

(Supreme Court of Alabama. May 12, 1921.)

**1. Adverse possession ⊙⇒79(4)—Tax deeds of defendant's grantor held admissible as color of title.**

In an ejectment action, in which plaintiff proved chain of title and defendant relied on adverse possession, tax deeds procured by defendant's grantors were admissible as color of title, although plaintiffs had paid all subsequent taxes.

**2. Adverse possession ⊙⇒101 — Grantee's occupancy of tract to which vendor had title will not operate as a disseisin of the owner of tract to which he did not.**

In ejectment defended on the ground of adverse possession, where defendant's vendor had conveyed two separate and distinct tracts having title to but one of them, entry and occupation of the tract to which his title was good, without more, did not operate as a disseisin of the owner of the other tract, being an exception to the general rule that one entering upon a tract with deed or color of title may by actual occupation and improvement of a portion of it usually be construed as being in possession of the whole.

**3. Evidence ⊙⇒273(2) — Declarations of owner properly rejected where not shown to have been made while in possession.**

In an action in ejectment, defended on the ground of adverse possession, an assignment of error for rejecting declarations of one in possession of land explanatory thereof is not well taken where the declarations were not proved to have been made at the time the defendant was in possession of the land.

**4. Appeal and error ⊙⇒846(5)—Assignment on matter not covered by finding or judgment need not be considered.**

On appeal in an ejectment action, an assignment dealing with damages for waste on land sued for need not be considered where there was no finding or judgment thereon.

**5. Adverse possession ⊙⇒116(1) — Instruction held properly refused as not clearly defining its elements.**

In an ejectment action defended on the ground of adverse possession, an instruction that "open, notorious, and hostile merely means that the party so claiming is in the actual possession of the lands, and that no other person is in actual possession of any part of the land," *held* properly refused as not correctly defining the elements of adverse possession, and being unsound.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Ejectment by Edna L. Pruitt against Walter W. Hamilton, and upon his death revived against his heirs. Judgment for plaintiff, and defendant appeals. Affirmed.

The following are the charges referred to as refused:

(5) If you are reasonably satisfied from the evidence that Walter Hamilton bought the lands here sued for, together with other lands, all described in the same deed, and Hamilton went into possession of the lands bought, and held the same continuously and adversely since that time, then you must find for the defendants in this case.

(C) Open, notorious, and hostile merely means that the party so claiming is in the actual possession of the lands, and that no other person is in actual possession of any part of the land.

———

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

William L. Chenault, of Russellville, for appellant.

Mansell's deed being on record was notice to all the world that he was claiming the land. Section 3369, Code 1907; 182 Ala. 314, 62 South. 525; 142 Ala. 633, 38 South. 797, 4 Ann. Cas. 559. Hamilton was in possession of part of the land covered by Mansell's deed, and hence was in possession of all the land therein. 1 Michie's Dig. § 100, and authorities cited. Being in possession, his statements relative to the title were admissible. 180 Ala. 418, 61 South. 928; 195 Ala. 8, 70 South. 261. Counsel discuss other assignments of error but without citation of authority.

Travis Williams and William Stell, both of Russellville, for appellee.

Unless there is actual possession under tax title, no presumption is indulged in favor of the regularity of the proceedings, and the burden is on the person asserting it. 204 Ala. 107, 85 South. 440; 191 Ala. 274, 68 South. 41; 171 Ala. 626, 54 South. 549. There is a generally well-recognized exception relative to extending adverse possession to the boundaries in the deed. 56 South. 131; 201 Ala. 647, 79 South. 119; 174 Ala. 137, 57 South. 377. It was for the jury to determine the question of adverse possession. 185 Ala. 591, 64 South. 317; 185 Ala. 570, 64 South. 85; 184 Ala. 610, 64 South. 321.

GARDNER, J. This action of statutory ejectment for the recovery of 40 acres of land in Franklin county, Ala., was originally brought against Walter Hamilton, and upon his death pending the suit was revived against the heirs.

[1] The plaintiff proved chain of title back to the government, and the defendant relied upon adverse possession. The 40 acres of land here involved was sold for taxes in June, 1902, for taxes alleged to be due for the year 1901, and this 40-acre tract, together with other lands, was purchased by one Mansell, and was sold by him to Walter Hamilton in 1905; but there is no proof that Mansell ever had possession of the land under his deed. It does not seem to be seriously controverted that all the taxes due for this year (1901) and subsequent years had been paid by the plaintiff, but the tax deeds were admissible as color of title. The defendant sets up adverse possession under color of title, and offered proof as to acts of ownership and possession. This was a controverted issue in the case, and was submitted to the jury for consideration, resulting in a judgment for the plaintiff.

[2] The deed from Mansell to Hamilton purported to convey 120 acres of land. There was evidence tending to show actual possession of the land embraced in that deed, not including the 40 acres here involved, and counsel for appellant make some insistence for the application of the general rule that, when one enters upon a tract of land with a deed or color of title, his actual occupation and improvement of a portion of it will usually be construed as a possession of the whole, coextensive with the boundaries described in the instrument under which he claims title if there be no antagonistic possession, and that under the evidence in this case, in view of this rule, the defendant was entitled to the affirmative charge.

However, there is an exception to this general rule to the effect that, where a vendor conveys two separate and distinct tracts of land, to only one of which he has title, entry upon and occupation of that tract to which his title is good will not, without more, operate as a disseisin of the owner of the other tract, to which the vendor had no title. As said in Woods v. Montevallo C. & T. Co., 84 Ala. 560, 3 South. 475, 5 Am. St. Rep. 393:

"A sufficient reason for this, perhaps, is that such actual possession of the occupant is perfectly consistent with the constructive possession of the real owner of the other tract which at law attaches to the true title, and does not, therefore, per se disturb it."

This exception has found repeated application. Montevallo Min. Co. v. Southern Mineral Land Co., 174 Ala. 137, 57 South. 377; Marietta Fert. Co. v. Blair, 173 Ala. 524, 56 South. 131; McCay v. Parks, 201 Ala. 647, 79 South. 119.

There is no contention but that a good title was conveyed by the deed from Mansell to Hamilton to the other land except the 40 acres here involved. Nor is there any contention that under the tax deed Mansell acquired any title to this 40 acres. The case therefore falls within the exception, and the affirmative charge was properly refused.

[3] In arguing the fifth assignment of error counsel for appellant rely upon the principle that declarations of one in possession of land, explanatory thereof, are admissible, citing Smith v. Bachus, 195 Ala. 8, 70 South. 261, and insists that the court erred in excluding the testimony of witness Isom that Hamilton told him that he had bought the land. One of the foundations, however, for the admission of such evidence is the fact that these declarations were made while the party was in possession of the property (Payne v. Crawford, 102 Ala. 387, 14 South. 854), and it is sufficient answer to this assignment of error that there was no proof that at the time of the declaration Hamilton was in possession of this land.

[4] There is some reference as to the assignment of error dealing with damages for waste on the land sued for, but, as there was no finding by the jury or judgment by the court of any damages whatever, these assignments need no consideration.

Charge 5, refused to the defendant, requested a verdict for the defendant upon the possession of Hamilton without any reference to its duration as to time, and appellant can take nothing by this assignment.

[5] Charge C was properly refused as not correctly defining the elements of adverse possession and was unsound. There are a few other assignments of error in reference to charges, which we deem unnecessary to separately treat. Suffice it to say they have been given careful consideration in consultation, and the action of the court thereon discloses no reversible error.

The oral charge of the court fully instructed the jury upon the law of adverse possession as applicable to the facts of this case, and charges were given for the respective parties touching upon this phase of the suit, and a consideration of the record discloses no reversible error.

The judgment appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.