(114 So. 298)

## SECURITY FINANCE CO. v. KELLY'S TIRE SHOP et al. (6 Div. 971.)

Supreme Court of Alabama. Oct. 20, 1927.

I. Bills and notes ☞489(5)—In action on note under plea of general issue in short by consent expressly extended to certain matters, evidence of failure of consideration was properly admitted.

In action by indorsee against maker on promissory notes, where defendant pleaded "in short, by consent, general issue, with leave to

give in evidence any matter which, if well pleaded, would be admissible in defense of action, to have effect as if so pleaded, and with leave to the plaintiff to give in evidence any matter which, if well pleaded, would be admissible in reply to such defensive matter, to have effect as if so pleaded," evidence of failure of consideration or breach of warranty and rescission of sale of goods for which note was given was properly admitted.

**2. Pleading ⬅115—No express consent to plea of general issue, in short, by consent, need appear in record.**

No express consent to plea of general issue, in short, by consent, need appear in record, and, when such plea is filed, and no objection by appropriate motion or demurrer is made thereto, and cause proceeds to trial on issue thus made, it becomes plea by consent.

**3. Pleading ⬅428(2)—Objections to testimony do not go to sufficiency of plea.**

Objections to testimony do not go to sufficiency of a plea.

**4. Evidence ⬅545 — Evidence of experience of witnesses in installing and operating radios was admissible to show competency of their evidence.**

In action on promissory note given for radio, evidence of knowledge and experience of witnesses in installation and operation of radios' was admissible, as going to competency and weight of their evidence.

**5. Evidence ⬅525—In action on note given for radio, in connection with evidence that machine would not operate, witness could testify that it was worthless as radio.**

In action on note given for radio, in connection with evidence that machine could not be made to operate, witness could testify that it was worthless as radio.

**6. Bills and notes ⬅537(6)—Whether indorsee suing on note was holder in due course held for jury; there being evidence that payee held them at maturity.**

In action by indorsee against maker on note, where there was evidence that notes, or first maturing one, was still in possession of payee or a bank as payee's agent for collection at date of maturity, question whether plaintiff was holder in due course was for jury.

**7. Sales ⬅272, 273(1)—Notes being given for radio for purposes of sale, there was implied warranty that article was merchantable and suited to purpose.**

Notes, on which indorsee was suing, being given for radio to be thereafter delivered to defendant for purposes of sale, there was an implied warranty that article was merchantable and reasonably adapted to purposes which gave it value.

**8. Sales ⬅359(1)—Letter from maker of note sued on to payee held evidence of rescission of sale of radio for which note was given.**

Letter from maker of note sued on to payee, stating that, after carrying out instructions, maker was unable to give demonstration of radio, and that he was notifying bank that he would not take up note left there for collection, and that he was ready to crate and ship radio back, was evidence of rescission and holding machine thereafter as property of seller subject to his orders.

**9. Trial ⬅82—Carbon copy of letter was not subject to general objection, "as being illegal testimony.".**

In action by indorsee against maker of note, carbon copy of letter regarding rescission of sale of radio for which note was given was not subject to general objection, "as being illegal testimony.".

**10. Evidence ⬅174(5)—In action on notes, copy of written contract accompanying execution of notes was subject to objection, as secondary evidence without accounting for original.**

In action by indorsee against maker of notes, copy of written contract accompanying execution of notes and offered by plaintiff was subject to objection, as secondary evidence without accounting for original.

**11. Trial ⬅253(10)—Instruction that, if anything of value passed to defendant, indorsee was entitled to recover on notes sued on, held properly refused, as ignoring evidence.**

In action by indorsee against maker of notes, instruction that, if anything of value passed to defendant, plaintiff was entitled to recover on notes sued on, *held* properly refused, as ignoring evidence of rescission for good cause of sale of radio for which notes were given.

**12. Trial ⬅253(10)—In action on notes, instruction regarding consideration held properly refused, as ignoring evidence of rescission of sale of radio for which notes were given.**

In action by indorsee against maker of notes, instruction that consideration and basis of notes would mean any value received by defendant for notes, and, if he did receive any value, however small, and such value received was retained by defendant, notes were duly executed for valuable consideration, and, if evidence satisfied jury such was facts, verdict should be for plaintiff, *held* properly refused, as ignoring evidence of rescission for good cause of sale of radio for which notes were given.

**13. Appeal and error ⬅1064(1)—In action on notes given for radio, instruction on implied warranties, where goods are sold by description, held not reversible error.**

In action by indorsee against maker of notes given for demonstration radio, instruction that, when goods are sold by description or without opportunity to inspect them, there is implied warranty that goods, delivered shall answer to description, and that they shall be merchantable, *held* not reversible error, under evidence.

**14. Appeal and error ⬅1064(1)—In action on notes given for radio, instruction on implied warranties, where dealer contracts to supply articles for particular purpose, held not reversible error.**

In action by indorsee against maker of notes given for demonstration radio, instruction that,

where manufacturer or dealer contracts to supply article which it manufactures or produces, or in which it deals, to be applied to particular purpose, so that buyer trusts to judgment of manufacturer or dealer, there is implied warranty that it shall be reasonably fit for purpose to which it is to be applied, *held* not reversible error, under evidence.

15. Sales ☞446(1)—In action by indorsee on notes given for radio, instruction on right of purchaser of notes to recover, where article is not merchantable, held not reversible error.

In action by indorsee against maker of notes given for demonstration radio, instruction that in sale of merchandise law implies that seller warrants article to be merchantable, and, if article is not merchantable, seller cannot recover purchase price, and, if notes are given and notes sold after maturity, purchaser of notes cannot recover on notes, *held* not reversible error, under evidence.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Action on promissory notes by the Security Finance Company against the Kelly Tire Shop and E. C. Kelly, doing business as Kelly Tire Shop. From a judgment for defendants, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

The following requested charges were refused to plaintiff:

No. 3. The court charges the jury that, if anything of value did pass to Kelly Tire Company or Mr. Kelly, the defendant, then the plaintiff is entitled to recover on the notes sued on.

No. 4. The court charges the jury consideration and basis of the three notes would mean any value received by the defendant for notes signed by the defendant, and, if he did (the defendant) receive any value, however small, and such value received was retained by the defendant, then the notes were duly executed for a valuable consideration, and, if the evidence reasonably satisfies you such is the facts, your verdict must be for the plaintiff.

These charges were given for defendant:

(21) When goods are sold by description or without an opportunity of the purchaser to see them and inspect them, there is in the contract of sale an implied warranty that the goods delivered shall answer to the description, and there is also an implied warranty that the goods shall be merchantable; the term "merchantable" meaning salable in the market into which they are sold.

(22) Where a manufacturer or a dealer contracts to supply an article, which it manufactures or produces, or in which it deals, to be applied to a particular purpose, so that the buyer necessarily trusts to the judgment or skill of the manufacturer or dealer, there is in that case an implied term of warranty that it shall be reasonably fit for the purpose to which it is to be applied.

(24) In the sale of merchandise by one person or concern to another the law implies that the seller warrants such article to be merchantable, and, if a person or concern sells an article which is not merchantable, the seller cannot under the law of this state recover of the purchaser the price thereof, and, if notes are given for the purchase price and the notes sold after maturity, then the purchaser of such notes cannot recover on the notes.

Pinkney Scott, of Bessemer, for appellant.

Counsel argues for error in rulings on the trial, and cites Hirschfelder v. Mitchell, 54 Ala. 419; Dreyspring v. Loeb, 119 Ala. 284, 24 So. 734; Code 1923, §§ 9052–9054.

Huey & Welch, of Bessemer, for appellees.

There was an implied warranty in the sale of the machine involved in this case. Charges 21, and 22, and 24 correctly state the law. McCaa v. Elam Drug Co., 114 Ala. 74, 21 So. 479, 62 Am. St. Rep. 88; 35 Cyc. 397; Gachet v. Warren & Berch, 72 Ala. 288. Defendant had a reasonable time within which to rescind. McCoy v. Prince, 11 Ala. App. 388, 66 So. 950. The burden was on plaintiff to show purchase of the notes in good faith and for value before maturity. H. T. Woodall & Son v. People's Bank, 153 Ala. 576, 45 So. 194; Code 1923, § 9085.

BOULDIN, J. [1] The action is upon promissory notes by an indorsee against the maker. Defendant pleaded "in short, by consent, the general issue, with leave to give in evidence any matter which, if well pleaded, would be admissible in defense of action, to have effect as if so pleaded, and with leave to the plaintiff to give in evidence any matter which, if well pleaded, would be admissible in reply to such defensive matter, to have effect as if so pleaded." Under this plea the evidence of failure of consideration, or breach of warranty and rescission, was properly admitted. Moore v. Williamson, 210 Ala. 427, 98 So. 201; Allen v. Standard Ins. Co., 198 Ala. 522, 73 So. 897; Austin v. Hunter, 193 Ala. 163, 69 So. 113; Converse Bridge Co. v. Collins, 119 Ala. 534, 24 So. 561.

[2, 3] In Hirschfelder v. Mitchell, 54 Ala. 419, cited by appellant, the case was tried on the "plea of the general issue in short by consent." Page 420. The court held: "Only the general issue was pleaded." Here the plea is expressly extended to matters which may be specially pleaded. No express consent to this form of pleading need appear in the record. When such plea is filed, and no objection, by appropriate motion or demurrer, is made thereto, and the cause proceeds to trial on the issue thus made up, it becomes a plea by consent. Objections to testimony do not go to the sufficiency of a plea.

[4, 5] Evidence for defendant tended to show the notes were given for the purchase

of a radio to be used for demonstration purpose in the sale of other like instruments to be furnished by the payee to the maker; that, upon being installed according to directions and tested by persons competent so to do, the instrument would not operate. It was competent to show the knowledge and experience of witnesses in the installation and operation of such machines as going to the competency and weight of their evidence. In connection with evidence that the machine could not be made to operate, a witness could testify that it was worthless as a radio.

[6] There was some evidence that the notes, or the first maturing one, was still in the possession of the payee, or a bank as payee's agent for collection, at the date of maturity. This made an issue for the jury, whether the plaintiff was a holder in due course. Plaintiff offered no evidence that the notes were acquired for value, or before maturity.

[7] The notes being given for a machine to be thereafter delivered for purposes of sale, there was an implied warranty that the article was merchantable,· and reasonably adapted to the purposes which gave it value. McCaa v. Elam Drug Co., 114 Ala. 74, 21 So. 479, 62 Am. St. Rep. 88; Gachet v. Warren, 72 Ala. 288.

[8] The letter from the maker to the payee saying: "After carrying out all instructions to the letter as to the instructions and handling of same, I am unable to give any kind of demonstration that would recommend it to a prospective buyer, and I am to-day notifying the bank that I will not take up note placed with them for collection. I am ready to crate and ship to you your machine, or turn it over to your representative on demand"—was evidence of a rescission and holding the machine thereafter as the property of the seller subject to his order.

[9] It appears this letter was written and posted with proper address within a short time after receipt of the machine; within reasonable time after opportunity to test it. No objection was made to the carbon copy offered because secondary evidence without a predicate. It was not subject to the general objection "as being illegal testimony."

[10] The copy of the written contract accompanying the execution of the notes and offered by the plaintiff was subject to objection as secondary evidence without accounting for the original. However, nothing in the contract as set out in the record would relieve the payee from an implied warranty as above stated.

[11, 12] Affirmative instructions requested by plaintiff were properly refused. · Charges 3 and 4 refused to plaintiff ignored the evidence of rescission for good cause.

[13-15] In the state of the evidence presented by the record, we find no reversible error in charges 21, 22, and 24 given for the defendant.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.