(121 So. 19)

GREEN et al. v. MARLIN et al. (4 Div. 411.)

Supreme Court of Alabama. March 21, 1929.

28

Sollie & Sollie, of Ozark, and G. W. Winn, of Clayton, for appellants.

E. W. Norton, of Clayton, and Rushton, Crenshaw & Rushton, of Montgomery, for appellees.

FOSTER, J. There were two counts of the complaint: One in trespass to land, and the other in trover for the conversion of timber cut off the land. The case was tried on the trover count by the court without a jury, and the finding was for the plaintiffs.

Plaintiffs (appellees) claimed by a timber deed from a Mrs. Perry, who had a deed from her father, C. W. Fenn, in 1903, of a tract of 584 acres. He acquired it through a chain of title regular and complete to the original entryman, Mathew Fenn, who entered it in 1853. C. W. Fenn sold the oak staves in 1909, and they were cut and carried off. The taxes were paid in Barbour county by the owner through this chain. King, under whom appellants claim, disputed with Fenn about the staves, and they had a show-down of papers before a justice of the peace in Pike county, with King admitting Fenn's superior title upon the advice of the justice. The Fenns have had the same character of actual possession as their opponents, together with constructive possession from the ownership of it. The land is practically all in the swamp, and the Pike and Barbour county line and Pea river extend through it—some in Pike, to wit, 14 acres, and some in Barbour, to wit, 26 acres.

The chain of title of appellants began in 1874, when one Hobdy conveyed a tract of land to Stewart, embracing this 40; in 1887 Stewart conveyed the tract to one Miers; in 1890 Miers executed a mortgage to a loan company; after foreclosing the mortgage, the loan company conveyed it to J. W. King in 1905. There was a tax sale in Pike county in 1892 as the property of Miers, and it was bought in by the loan company. J. W. King died, and in 1917 the land was sold for division along with other land, and was purchased by J. F. King (one of the heirs), who sold the timber to appellants by deed in November, 1922, who cut the timber beginning July and August, 1925. The only acts of possession by any persons through this chain of title were by the Kings, who in very general terms, and without giving dates, proved that they sold timber for baskets, ax handles, and boards, and put a wire fence on trees for posts inclosing 1 to 3 acres for a swamp pasture on the Pike county side; that they hunted, fished, and gave permits to others to do so, and paid taxes in Pike county for many years. There is no evidence that Hobdy had any claim to it.

There purport to be six pleas to the complaint. It is stated that defendants plead them in short by consent: (1) General issue; (2) 10 years' adverse possession; (3) 20 years' prescription; (4) adverse possession at the time of cutting; (5) that defendants had a tax deed at the time of cutting; (6) that defendants had a tax certificate at the time

of cutting. There was a special finding of facts responding to demand by defendants. The judgment did not note what was the issue made by the pleading. No agreement as to pleading is on file, and there was no issue made up and passed on by the court as to the sufficiency of any pleading. Under such circumstances, the cause proceeds to trial on the pleas thus filed. Security Finance Co. v. Kelly's Tire Shop, 216 Ala. 642, 114 So. 298. If the "general issue in short by consent" is pleaded, it does not permit of special defenses. Hirschfelder v. Mitchell, 54 Ala. 419. But, if the plea further states in effect that any matter in defense may be proved, the door is open to any special defense. Allen v. Standard Ins. Co., 198 Ala. 522, 73 So. 897; Security Finance Co. v. Kelly's Tire Shop, supra. When the pleas are so framed, the contrary not appearing, it is not necessary that the record show consent, further than the statement in the plea. Security Finance Co. v. Kelly's Tire Shop, supra.

Appellants insist that, when pleas are framed as here set out special pleas in short by consent, because such consent goes only to the form and not the substance of the plea (Allen v. Standard Ins. Co., supra), if such special plea is proven, though inappropriate and no defense to the action, he is entitled to the judgment. We think that no prejudice would result to appellants by denying this claim, when special matters are available under the general issue, and that rule 45 of this court is applicable to this situation. Henderson v. T. C. I., 190 Ala. 126, 67 So. 414; Sovereign Camp v. Ward, 201 Ala. 446, 78 So. 824. We think that such pleas in short by consent, when the matters so pleaded are available under the general issue, are intended to let plaintiff be informed of the contentions of defendant rather than present pleading for a formal issue. Here any such matters of defense stated in the so-called special pleas were available under the general issue. So. Ry. Co. v. Hayes, 183 Ala. 465, 62 So. 874; Lacey v. Morris, 215 Ala. 302, 110 So. 379; Story v. McWhorter, 216 Ala. 604, 114 So. 206; Zimmerman v. Dunn, 163 Ala. 272, 50 So. 906; Davis v. Erwin, 214 Ala. 341, 107 So. 903.

Appellants also claim that the special finding is not a sufficient compliance with section 9500 of the Code. This court has held that it will not review the sufficiency of such special finding as to detail, unless an objection was made and presented to the trial court for correction. Shaw v. Knight, 212 Ala. 356, 102 So. 701. Further, it has been pointed out in numerous opinions of this court that, due to the present provisions of the statute, a special finding serves little or no useful purpose, for the court is now required to review the trial court on the facts, notwithstanding such special finding. Shepherd v. Scott's Chapel, etc., 216 Ala. 193, 112 So. 905; Smith v. Kennedy, 214 Ala. 427, 108

So. 564; Shaw v. Knight, supra; Jones v. Hines, 205 Ala. 145, 87 So. 531; Perry v. Marbury Lbr. Co., 212 Ala. 542, 103 So. 580.

Many of the principles of law which apply to a trover action of this nature with the authorities supporting them are stated (among other cases) in Pearce v. Aldrich Co., 184 Ala. 610, 64 So. 321; Zimmerman v. Dunn, supra; Davis v. Erwin, supra; Lacey v. Morris, supra; McCay v. Parks, 201 Ala. 647, 79 So. 119; Story v. McWhorter, supra; De Kalb County v. McClain, 201 Ala. 565, 78 So. 961. It is settled by them that the owner of the freehold cannot maintain trover for timber severed from it, if at the time of the severance he had not actual or constructive possession thereof; that constructive possession by plaintiff following title to the freehold was sufficient, unless defendants had actual adverse possession; that, if defendant had actual adverse possession of the land, and title to the timber depended upon title to the land, plaintiff cannot recover; nor, of course, if defendant had title to the land and (or) timber cut. Where there has been a constructive severance of the timber, the possession of the land by the grantor of the timber is not as a rule adverse to the grantee thereof. Creagh v. Bass, 190 Ala. 135, 67 So. 288; Long v. Nadawah Lbr. Co., 202 Ala. 523, 81 So. 25.

If plaintiff claims title to the timber independent of the source of defendant's title, but if, at the time when the timber deed was executed to defendant, his grantor was in the adverse possession of the land, and such adverse possession continued up to the time of the cutting, it would be a sufficient defense, although title may not have fully ripened in defendant's grantor by such possession. But a possession merely transitory, for the purpose of making the trespass, is not sufficient to defeat a recovery by the owner of the freehold who has either actual or constructive possession of the land. Aldrich v. Pearce, 169 Ala. 161, 168, 52 So. 911, Ann. Cas. 1912B, 288. The purpose of inquiring into the title of defendant therefore is to determine whether or not defendant's grantor had acquired it by adverse possession or had actual bona fide possession of the land and timber (though without title) continuing to the time of the cutting. Aldrich Mining Co. v. Pearce, supra.

Another rule of law has application, we think, to the facts of this case. As herein stated, when Hobdy conveyed the 40 acres in question to Stewart, it does not appear that he had any claim to it. Other lands were conveyed with it, and this 40 then went into the chain of title, through the loan company to King. Every such conveyance or proceeding in this chain of title embraced other land, presumably properly in it. The possession of the parties in such ownership to a portion of the land embraced in the conveyances does not extend constructively to this 40, by reason

of a principle of law well established as follows: "Where the vendor conveys two separate and distinct tracts of land, to only one of which he has title, an entry upon and occupancy of that tract of which his title is good will not without more operate as a disseisin of the owner of the other tract to which the vendor had no title." Montevallo Mining Co. v. So. M. Land Co., 174 Ala. 137, 57 So. 377; Marietta Fertilizer Co. v. Blair, 173 Ala. 524, 56 So. 131; McCay v. Parks, 201 Ala. 647, 79 So. 119; Hamilton v. Pruitt, 206 Ala. 58, 89 So. 79.

An application of the foregoing principle excludes the claim of appellants to the benefit of the rule of constructive possession of the 40 in question by reason of possession of other lands embraced in the conveyances. They are therefore dependent upon actual possession of that particular 40.

In view of the fact that plaintiffs had a perfect paper title, they were due the judgment awarded them, unless defendants had a title acquired from those who by adverse possession had divested the title out of the true owners or were in adverse possession of the land continuing to the date of the cutting. We refer to some of the cases where the question of adverse possession was claimed to divest title of woodland. Zimmerman v. Dunn, supra; Perry v. Marbury Lbr. Co., supra; McCreary v. Jackson Lbr. Co., 148 Ala. 247, 41 So. 822; Id., 137 Ala. 278, 34 So. 850. "Occasional acts of entry upon land, and cutting timber therefrom, are not sufficient to show possession against the true owner, and would never ripen into adverse possession against the owner." Williams v. Lyon, 181 Ala. 531, 61 So. 299.

There must "be such a continuous and persistent cutting of timber or wood from the tract, as to be evidence of a claim of ownership, and an advertisement to the world that the party is occupying the entire tract." Chastang v. Chastang, 141 Ala. 451, 37 So. 799, 109 Am. St. Rep. 45.

When the purchaser at tax sale continued to pay the taxes on the land, and sold timber shortly after his purchase, and again cut some seven or eight years afterwards, it is not sufficient. Adler v. Prestwood, 122 Ala. 367, 24 So. 999. Where one with color of title authorized several persons to cut timber, paid taxes on the land, and requested another to look after it, adverse possession is not shown. Wiggins v. Kirby, 106 Ala. 262, 17 So. 354. Consenting to the cutting of trees once or twice, an offer to sell to a stranger, claiming and asserting title, is not sufficient. Rucker v. Jackson, 180 Ala. 109, 60 So. 139, Ann. Cas. 1915C, 1058. "Cutting timber on the land, paying taxes on it, and excluding intruders, scarcely rises to the dignity of possession." By a purchaser at a tax sale. Alexander v. Savage, 90 Ala. 383, 8 So. 93.

Other cases in point are cited as follows: Childress v. Calloway, 76 Ala. 128; Rivera v. Thompson, 46 Ala. 335; Farley v. Smith, 39 Ala. 38; 2 C. J. 66.

We think the evidence amply justified the trial court, sitting without a jury, in finding against appellants on this question.

There are various assignments of error relating to the admission of evidence. We have considered each of them, and find that they are dependent upon well-established principles supporting the ruling of the circuit court. We do not consider them of such nature as to require a separate detail treatment in this opinion.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.