**MALCOMB v. ROBINSON et al.**
4 Div. 782.

Supreme Court of Alabama.
May 9, 1935.

Rehearing Denied June 6, 1935.

E. O. Baldwin, of Andalusia, for appellant.

W. O. Mulkey, of Geneva, and A. R. Powell, of Andalusia, for appellees.

BROWN, Justice.

This action is by the personal representative of William L. Malcomb, deceased, against J. M. Robinson and L. M. Milligan, as administrator de bonis non of the estate of D. A. McRainey, on a promissory note executed by the Benson Hardware Company, a corporation, and indorsed, before delivery, by O. L. Benson, J. M. Robinson, and D. A. McRainey.

The defendants pleaded the general issue, in short by consent, with leave to give in evidence any matter that would constitute a defense to the action, with like leave to plaintiff to offer evidence in reply. This "opened the door" to special defenses, not required to be presented by sworn plea. Green et al. v. Marlin et al., 219 Ala. 27, 121 So. 19; Security Finance Co. v. Kelly's Tire Shop et al., 216 Ala. 642, 114 So. 298.

The defenses asserted by the defendants were, first, that the signatures of Robinson and McRainey were placed on the note as indorsers upon the condition that the maker would secure the indorsement thereon of the McArten heirs who were interested as stockholders in the corporation, and that said

note was delivered without procuring the indorsement of said heirs in violation of this condition; second, that by a binding agreement made between the maker, Benson Hardware Company, and the payee, Malcomb, the time of payment of the note was extended, or the right of the holders to enforce the instrument was postponed without the assent of Robinson and McRainey. Code 1923, § 9140.

Appellant's first insistence is that the court erred in permitting defendants to introduce evidence going to sustain the first stated defense, over his objection; that the payee was not present at the time of said indorsement and the conversation between the defendants and the parties procuring their indorsement; and it was not shown that the payee knew anything about such conversation or condition, and the testimony was incompetent, irrelevant, illegal, and immaterial.

■ It is the settled law in Alabama that a payee who acquires a negotiable promissory note in due course of business and for value is a holder in due course. Ex parte Goldberg & Lewis, 191 Ala. 356, 67 So. 839, L. R. A. 1915F, 1157; Green, Superintendent of Banks v. Martin, 222 Ala. 356, 132 So. 882.

■ And, one in possession as a holder "is presumed by the law merchant to be a holder in due course, that is, before maturity, for value, in good faith, without notice of defenses, and in the regular course of business, so as to put the burden on defendant to show that plaintiff is not a bona fide holder in due course." 8 C. J. pages 981, 982, § 1289; First National Bank v. Dawson, 78 Ala. 67; Lehman Brothers v. Tallassee Manufacturing Company, 64 Ala. 567. "This rule is reiterated by the Negotiable Instruments Law which provides that every holder is deemed prima facie to be a holder in due course." 8 C. J. pp. 981, 982, § 1289; Bruce v. Citizens' National Bank, 185 Ala. 221, 64 So. 82.

■ To cut off the first defense asserted by the defendants, it was incumbent on the plaintiff to show that the note in suit was within the protection of the Negotiable Instruments Law, and that he was a holder in due course. Somerall et al. v. Citizens' Bank, 211 Ala. 630, 101 So. 429.

■ While it appears from the bill of exceptions that the note was in evidence when the testimony objected to was offered by the defendants, the note does not appear in the bill of exceptions, and the description thereof in the bill of exceptions does not show that it is a negotiable instrument; that is,

that it was payable "to order or to bearer." Code 1923, § 9029.

It not appearing that the note was negotiable, it cannot be affirmed that the prima facie presumption above stated was applicable, and that the trial court erred in overruling the plaintiff's objection to the evidence. Brown v. Sutton et al., 210 Ala. 245, 97 So. 738.

■■ Appellant concedes that the testimony offered by the defendant Robinson presented a question for jury decision as to the second defense asserted by the defendants, but contends that the plaintiff was due the affirmative charge requested in writing as to the liability of McRainey's estate; his contention in this respect being that "there was no testimony whatever that D. A. McRainey did not have knowledge and consented to the alleged extension of the payment of the note."

The evidence shows the extension was made, if made at all, by Malcomb at his own suggestion, to O. L. Benson at the store of Benson Hardware Company when McRainey was not present, and was made without any previous request therefor; that it was made before the due date of the note and in consideration of the payment of the interest before it matured, and the extension was for a definite period—six months. The evidence further shows that subsequent extensions were voluntarily made by the payee, after the due date. McRainey's testimony was not available because of his death. In these circumstances, the question was one for jury decision as to both defendants. While the authorities seem to be clear to the point that payment of interest after maturity is no consideration for an extension, they are also clear to the point that payment of interest in advance of maturity is a sufficient consideration to sustain such agreement. Cape Charles Bank, etc., v. Farmers' Mutual Exchange, etc., 120 Va. 771, 92 S. E. 918; Maglione v. Penta, 266 Mass. 413, 165 N. E. 424; Brannan's Negotiable Instruments Law (5th Ed.) pp. 914, 915.

■ The effect of the affidavits offered in support of the ground of the motion because of newly discovered evidence is that Malcomb was an examiner of public accounts in the employ of the state during October and November 1927, and that he was engaged in examining the books and accounts of the clerk of the criminal court of Jefferson county during those months; that the records showing his traveling expenses in possession of the state do not show that he presented an

expense account for a trip to Andalusia, Ala., during said months. This falls far short of showing that he was not in Andalusia at the time of the alleged extension.

The other grounds of the motion for a new trial have been considered, and we are not of opinion that the court erred in refusing the new trial.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.