198 So. 348

## JOHNSTON v. ISLEY.

### 8 Div. 59.

Supreme Court of Alabama.

Oct. 17, 1940.

Rehearing Denied Nov. 14, 1940.

218

J. N. Powell, of Hartselle, and Newton B. Powell, of Decatur, for appellant.

Harris & Harris, of Decatur, for appellee.

BROWN, Justice.

■ Action of assumpsit for money had and received. The complaint consist~ of the common count, and the record recites, after showing ruling on demurrer, "Whereupon, the defendant pleads the general issue with leave to give in evidence any matter that would be a good defense if specially pleaded. Thereupon, issue is joined upon the complaint and the said plea of the general issue."

We construe these recitals to warrant the admission of evidence that tended to support any valid special defense to the action, not required to be presented by sworn plea. Green et al. v. Marlin et al., 219 Ala. 27, 121 So. 19; Malcomb v. Robinson et al., 230 Ala. 474, 161 So. 510.

■ The evidence shows that defendant owns eighty acres of woodland a mile and a half southwest of Somerville known as the Gill place; that the parties entered into an agreement that plaintiff enter upon one forty of this land, make clear-

ings thereon, and have as compensation for such clearings the wood and timber cut and the use of the land for cultivation for a fixed period. Plaintiff's contention was that he was to have the use of the land for cultivation for three years, while the defendant contends that the plaintiff was to have the wood and timber cut in clearing and the use of the land for two years only. The controversy in this case arises over a clearing of eight acres made in 1934. The plaintiff had the use of this clearing for 1935 and 1936, but in 1937, the clearing was let to one Lemond and defendant collected the rents from Lemond. The rent for 1937 is the sole subject of this controversy.

The controversy involves purely an issue of fact on which the evidence was in sharp conflict and the trial resulted in a verdict and judgment for the plaintiff.

The defendant was not entitled to the general affirmative charge. There was ample evidence to support the verdict, therefore the motion for new trial was overruled without error.

■ The defendant interposed general objections to certain parts of the testimony without stating any ground therefor. The evidence was not manifestly illegal and irrelevant, therefore the court will not be put in error for overruling such general objections. Sanders v. Knox et al. 57 Ala. 80; Burgin et al. v. Stewart, 216 Ala. 663, 664, 114 So. 182.

■ To support the defendant's counterclaim or recoupment, he had the burden of showing that the plaintiff took timber from the lands other than that cut in clearing under the agreement between the parties, and the value thereof. The questions put to witnesses as to quantity and value were not limited to timber so wrongfully cut and removed from the lands, and the court did not err in sustaining such objections.

The record and proceedings of the Morgan County Court appear to be free from error.

Affirmed.

GARDNER, C. J., and THOMAS and KNIGHT, JJ., concur.