(95 South. 167)

### SELLERS v. NOAH. (7 Div. 337.)

(Supreme Court of Alabama. Jan. 4, 1923. Rehearing Denied Feb. 8, 1923.)

**1. Limitation of actions ⬳21 (3)—Action for damages from surgical operation held on contract, and not in tort.**

An action against a surgeon for damages growing out of an operation *held* based on his contract and breach thereof rather than in tort for negligence, so that a plea of the statute of limitations of one year applicable on proper occasion to actions ex delicto was properly overruled, notwithstanding that negligence was the means by which the contract was breached.

**2. Physicians and surgeons ⬳14 (4)—Surgeon's duty in operating on or treating patient stated.**

In operating upon or treating a patient it is a surgeon's duty to bring to the service and to exercise such reasonable care, diligence, and skill as physicians and surgeons in the same general neighborhood in the same line of practice ordinarily have and exercise in a like case, though neither a physician nor surgeon is an insurer of the successful issue of his treatment.

**3. Physicians and surgeons ⬳18 (6)—Surgeon has burden of proving reasonable care after it is shown he left foreign substance in patient's body.**

Where a surgeon performing an operation leaves in the body of his patient, closing the wound, a foreign substance that causes injury or damage, the burden of proving that he exercised reasonable and ordinary care, skill, and diligence in respect to the operation passes to the surgeon.

**4. Physicians and surgeons ⬳18 (9)—Question of whether surgeon had exercised reasonable care held, under the evidence, for jury.**

Where the evidence if believed admitted of a finding that a needle had been left in plaintiff's body by defendant surgeon after an operation for appendicitis, *held*, that the question of whether the burden thus put upon defendant to show that he had exercised reasonable and ordinary care, diligence, and skill had been sustained was a question under the evidence for the jury.

**5. Physicians and surgeons ⬳18 (10)—Instruction stating degree of care required held not objectionable because not expressly confined to "like cases."**

An instruction that, if the jury believed that defendant surgeon contracted to perform an operation for appendicitis, then the law required him to use such reasonable and ordinary skill as surgeons in the same general neighborhood used, and, if they believed that defendant had left a needle or part of needle in plaintiff's body, then the verdict should be for plaintiff, unless defendant had shown that he used the degree of care required by law, *held* not objectionable for failure to expressly confine the breach of duty to the duty imposed "in like cases," since the instruction clearly related only to an operation for appendicitis.

**6. Physicians and surgeons ⬳15—Surgeon liable if he negligently permits a needle to remain in patient's body though not used in operation.**

In an action against a surgeon for damages for leaving a needle or part of needle in plaintiff's body after an operation for appendicitis, where defendant's evidence indicated no such needle had been used in the operation, an instruction relieving defendant from liability if the jury found that no such needle had been used *held* properly denied, since a surgeon may breach his duty to exercise reasonable care by permitting, through the absence of requisite care, a foreign substance to enter or remain in the body of his patient.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Action for damages by D. L. Noah against N. E. Sellers. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals. Affirmed.

The complaint reads as follows:

"(1) Plaintiff claims of the defendant the sum of $5,000 as damages, for this: That on, to wit, the 11th day of August, 1917, defendant was a practicing physician and surgeon in the city of Anniston, Calhoun county, Ala., and at said time and place, plaintiff and defendant entered into a contract, by the terms of which it was agreed that plaintiff should pay the defendant the sum of $150, in consideration of which agreement to pay defendant agreed that he would perform a surgical operation, to wit, an operation for appendicitis, upon plaintiff. Plaintiff further avers that it was a term of the said contract between plaintiff and defendant, and the defendant, for such consideration, undertook and promised that the defendant in performing said operation would exercise reasonable care and skill in the manner and method of the performance of such operation. Plaintiff avers that defendant, after entering into said contract, did operate upon him for appendicitis, at the time and place hereinabove set out, but that defendant breached said contract hereinabove referred to and failed to carry out his agreement and promise constituting a term of said contract, in this: That he did not, in performing said operation, exercise reasonable skill and care, but, on the contrary, in performing said operation, he negligently left in the body of plaintiff, or permitted to remain in the body of plaintiff, a needle or a portion of a needle. Plaintiff avers that as a proximate result of the said breach of the defendant's said contract and of the failure to perform the term of said contract obligating him to exercise reasonable care and skill in the performance of said operation he suffered great and serious physical injury and disability for a period of, to wit, three years from and after said operation; that as a result of said needle remaining in his body he was unable to work and labor, but, on the contrary, the presence of said needle in his body caused him such pain that he was not able to perform heavy physical labor or to follow regularly his regular business, which is and was that of a farmer, and was thereby rendered less able to earn money; that

he suffered physically and mentally, and also suffered pecuniary loss as aforesaid, all to his damage as hereinabove set out, hence this suit.

"(2) Plaintiff claims of the defendant the sum of $5,000 as damages, for that, on, to wit, the 11th day of August, 1917, the defendant was a practicing physician and surgeon in the city of Anniston, Calhoun county, Ala.; that at said time and place defendant undertook as a surgeon, for the sum of $150 to be paid by plaintiff, to perform a surgical operation on plaintiff, to wit, an operation for appendicitis upon plaintiff; that in the performance of said operation the defendant breached his contract with the plaintiff, in that he negligently left in the body of plaintiff, or permitted to remain in plaintiff's body, a portion of a needle; that by reason of and as a proximate consequence of said breach of contract plaintiff suffered great and serious physical injury and disability for a period of, to wit, three years from and after said operation; that as a result of said needle remaining in his body he was unable to work and labor, but, on the contrary, the presence of said needle caused in his body such pain that he was not able to perform heavy physical labor or to follow regularly his regular employment, which is and was that of a farmer, and was thereby rendered less able to earn money; that he suffered physically and mentally, and also suffered pecuniary loss as aforesaid, all to his damage as hereinabove set out.

"(3) Plaintiff claims of the defendant the other and further sum of $5,000 as damages, for that, on, to wit, the 11th day of August, 1917, the defendant was a practicing physician and surgeon in the city of Anniston, Calhoun county, Ala.; that at said time and place the defendant undertook, as a surgeon, for the sum of $150 to be paid to him by the plaintiff, to perform a surgical operation on the plaintiff, to wit, an operation for appendicitis; that while engaged in the performance of said operation the defendant breached his contract with the plaintiff, in that he did not use that degree of care, skill, and diligence that physicians and surgeons in the same general neighborhood and in the same general line of practice ordinarily exercise in like cases, but, on the contrary, in performing said operation, he negligently left in the body of plaintiff, or permitted to remain in plaintiff's body, a portion of a needle; that, by reason of and as a proximate consequence of said breach of contract, plaintiff suffered great and serious physical injury and disability for a period of, to wit, three years, from and after said operation; that, as a result of said needle remaining in his body, he was unable to work and labor, but, on the contrary, the presence of said needle in his body caused him such pain that he was not able to perform heavy physical labor or to follow regularly his regular employment, which was that of a farmer, and was thereby rendered less able to earn money; that he suffered physically and mentally, and also suffered pecuniary loss as aforesaid, all to his damage as hereinabove set out."

W. C. Tunstall, of Anniston, and Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

An action for malpractice is essentially in tort, and the right of action in this case is barred by the statute of limitations of one year. 170 Ala. 659, 54 South. 60, Ann. Cas. 1912D, 863; 83 Fla. 251, 91 South. 179; Code 1907, § 4840 (5). The reasonable and ordinary care, skill, and diligence which the law requires of physicians and surgeons is such as physicians and surgeons in the same general neighborhood, in the same general line of practice, ordinarily have and exercise in like cases. 170 Ala. 663, 54 South. 60, Ann. Cas. 1912D, 863; 169 Ala. 175, 52 South. 932; 131 Ala. 359, 31 South. 548. Proof which goes no further than to show an injury could have occurred in an alleged way does not warrant the conclusion that it did so occur, where from the same proof the injury could with equal probability be attributed to some other cause. 192 Ala. 490, 68 South. 815; 199 Ala. 575, 75 South. 159; 131 Ala. 419, 30 South. 774.

Merrill & Allen, of Anniston, for appellee.

All of the counts in the complaint are on the contract. 16 Ala. App. 253, 76 South. 985; 153 Ala. 295, 45 South. 73; 151 Ala. 413, 44 South. 212; 138 Ala. 632, 36 South. 517. The law requires a surgeon to possess the skill and learning which is produced by the average member of the medical profession in good standing, and to apply that skill and learning with ordinary and reasonable care. 103 App. Div. 246, 92 N. Y. Supp. 1063; 155 N. Y. 201, 49 N. E. 760, 63 Am. St. Rep. 655.

McCLELLAN, J. The appellee was awarded a judgment for damages in his action against appellant, a surgeon, who, the complaint charges, breached his contract with appellee in performing an operation for appendicitis upon appellee. The breach averred consisted in leaving a "needle or a portion of a needle" in the appellee's body.

[1, 2] The counts declare upon the breach of the surgeon's contract. There are not in tort; the reference to negligence therein being but descriptive of the method or means whereby the contract was breached. W. U. Tel. Co. v. Crumpton, 138 Ala. 632, 641, 36 South. 517. This construction of the counts confirms the correctness of the trial court's action in eliminating the plea of the statute of limitations of one year, applicable, upon proper occasion, to actions ex delicto. In operating upon or treating a patient a surgeon's duty is to bring to the service and to exercise "such reasonable care, diligence, and skill as physicians and surgeons in the same general neighborhood, in the same general line of practice, ordinarily have and exercise in a like case. Neither a physician nor a surgeon is an insurer of the successful issue of his treatment or service. They are responsible either ex contractu or ex delicto for failure to meet the exactions of the duty

stated." Carpenter v. Walker, 170 Ala. 659, 54 South. 60, Ann. Cas. 1912D, 863, and cases therein cited.

[3] At the instance of the plaintiff the court gave the jury this special instruction, numbered 1:

"The court charges the jury that, if you are reasonably satisfied from the evidence that the defendant contracted with the plaintiff to perform an operation upon the plaintiff for appendicitis, and that in the performance of said operation he left a part of the needle in the body of plaintiff, then the law casts upon the defendant the burden of showing that he used such reasonable and ordinary skill, care and diligence, as physicians and surgeons in the same general neighborhood and in the same general line of practice ordinarily used and exercised in such operations."

Where a surgeon performing an operation leaves in the body of his subject, closing the wound, a foreign substance that causes injury or damage to the subject, the burden of proof passes to the impleaded surgeon to show that he exercised the stated reasonable and ordinary care, skill, and diligence in respect of the operation upon his subject, including the process of closing the wound. Davis v. Kerr, 239 Pa. 351, 86 Atl. 1007, 46 L. R. A. (N. S.) 611; 21 R. C. L. p. 407, § 49.

[4] There was evidence directed to showing that a needle or a part of a needle was left in the body at the time defendant operated on him for appendicitis, and that it "worked out" about three years later, meantime causing plaintiff pain and physical disability, and that the place on the surface of plaintiff's body where the needle appeared, and from which it was removed, was very near, if not at the point where the incision was made by the surgeon. There was evidence to the contrary. If, as the quoted instruction hypothesized, the jury concluded that the needle was left in the body of the plaintiff by the surgeon at the time of the operation, to the defendant the burden of proof passed to show that the needle's presence was not due to the absence of reasonable and ordinary care, skill, and diligence on the part of the defendant, the surgeon. Both of these inquiries of fact were seriously contested in the evidence; and it was the jury's province to solve them. In the circumstances hypothesized in the instruction quoted above, to support which there was evidence so directed, the court was not authorized to affirm as a matter of law that the evidence concluded to the effect that defendant had met and discharged the burden so resting, contingently upon him. To have done so would have invaded the jury's province. The defendant was not entitled to the general affirmative charge requested.

[5] Upon request of plaintiff the court gave special instruction 4, reading:

"The court charges the jury that, if you are reasonably satisfied from the evidence that the defendant contracted with the plaintiff to perform an operation upon the plaintiff for appendicitis, then the law required of the defendant to use such reasonable and ordinary care, skill, and diligence as surgeons in the same general neighborhood and in same general line of practice, and, if you are further reasonably satisfied from the evidence that defendant left a part of needle in the body of plaintiff, then your verdict should be for the plaintiff, unless the defendant reasonably satisfies you from the evidence that the defendant exercised the care required of him by law, as above set out."

The considerations adverted to in respect of charge 1, quoted ante, require the conclusion that this instruction was given without error. The criticism that this instruction omitted to expressly confine the breach of duty stated to the duty the law defines and imposes "in like cases" is not well founded. The phrasing of the instruction makes it sufficiently plain that the measure of legal duty invoked was referable, alone, to an operation for appendicitis; the character of operation performed by the defendant upon the plaintiff.

[6] In accordance with the evidence for defendant that in the operation the defendant used no such needle or part of a needle as that plaintiff contended "worked out" of his body near the place of incision, the defendant requested and the court refused several instructions (numbered 5, 6, 7, and 10) predicating the defendant's nonliability if the jury found that the thus hypothesized fact was true. Those requests for instruction would have invaded the jury's province to conclude upon the issues of fact. A surgeon may omit the discharge of or violate the duty the law imposes upon him by permitting, through the absence of requisite care, diligence, or skill, a foreign substance to enter or to remain in the body of the subject of his operation. The fact, if so, that the defendant used in this operation no such needle was, of course, a circumstance directed to showing no breach of the defendant's contract in the premises; but it did not conclude against the probability that, if this needle or part of the needle did enter the plaintiff's body through the incision or in the process of performing the operation, its presence in plaintiff's body was not to be otherwise accounted for; as, for instance, through this needle's being attached to or commingled with materials or appliances used by the surgeon in performing the operation.

Careful consideration of the whole evidence does not convince the court that the trial court, which heard and saw the witnesses, as well as the place on plaintiff's body wherefrom he claimed the needle was removed, erred in overruling the motion for new trial.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.