161 So.2d 500

**O. J. GARRISON, Jr.,**

**v.**

**Aubrey A. BYRD.**

**6 Div. 701.**

Supreme Court of Alabama.

Feb. 27, 1964.

John S. Tucker, Jr., Birmingham, for appellant.

Louis Fleisher, Birmingham, for appellee.

COLEMAN, Justice.

This is an appeal by defendant from a judgment for $3,534.02 in favor of plaintiff and against defendant in an action at law for breach of contract whereby plaintiff agreed to make certain repairs to the roof of a warehouse or warehouses owned by defendant, who agreed to pay plaintiff $2,971.00 for the work.

The record indicates that the instant case was consolidated with another case and that the two cases were tried together. The other case has not been appealed. The pleadings, verdict, and judgment in the other case do not appear in the instant record. We understand that all the evidence in both cases is set out in this record.

The court, in the oral charge, stated to the jury:

"Now, gentlemen, you have the two cases, you see. There will be a verdict in each case. * * *"

It further appears from the court's oral charge that the instant defendant was plaintiff in the other case and claimed of the instant plaintiff damages for his failure to perform the duty "to use reasonable care about protecting the contents (of the warehouse) from rain," and that, as a direct result of such breach of duty, the contents of the warehouse were damaged by the rain.

The record does not show the result in the other case. Appellant states in brief that the jury returned a verdict in favor of appellee in the other case, but: " 'We cannot presume the existence of facts or testimony, as to which the record is silent, and make it a ground of reversal.' " Fancher v. Fancher, 262 Ala. 489, 491, 80 So.2d 248.

The argument part of appellant's brief is divided into three sections. In the first section, appellant lists, under several propositions of law, nine assignments of error, to wit: 1, 10 to 14, 19, 20, and 21. Assignment 1 is that the court erred in overruling appellant's motion for new trial. Assignments 10 to 14 are that the court erred in giving a quoted portion of the oral charge. This is the only error argued in this section of the argument. Assignment 19 is that the oral charge " * * * considered as a whole is so misleading confusing and abstract as to utterly confound and confuse the jury." Assignments 20 and 21 relate to admission of evidence, are insufficient, but are not referred to in this section of the argument and will be treated as waived. Supreme Court Rule 9.

The portion of the charge excepted to in Assignments 10 to 14 covers more than a page of transcript paper, single spaced, and to set it out here would serve no useful purpose. It has to do with an insurance policy in which appellant is named as the insured. The policy is not copied in the transcript but the original exhibit is sent up under separate cover. We see no good reason why the policy could not be copied in the transcript. The policy consists of printed and typewritten matter; more than three-fourths of the policy is typewritten legal cap paper and the remainder is printed matter.

The case in which this appeal is taken has nothing to do with the insurance policy. In the case at bar, appellant is defendant. We have not found that defendant filed any written plea in the instant case. The minute entry recites:

" * * * the defendant by consent is allowed to and does plead the general issue as to each count of the complaint, separately and severally, by consent, and without the filing of any paper."

If the "general issue in short by consent" is pleaded, it does not permit of special defenses. If, however, the plea further states in effect that any matter in defense may be proved, the door is open to any special defense. Green v. Marlin, 219 Ala. 27, 121 So. 19; Malcomb v. Robinson, 230

**300**

Ala. 474, 161 So. 510; O'Bar v. Southern Life & Health Ins. Co., 232 Ala. 459, 168 So. 580; '§ 225, Title 7, Code 1940.

■ In the instant case, the general issue merely is pleaded. There is no statement to the effect that any matter in defense may be proved. The defendant, therefore, would not be permitted, under the plea in this case, to prove matters of set off or recoupment, even if such matters be provable under a plea in short, which we do not decide.

The matter of insurance arises in the other case which defendant did not appeal. In that other case, defendant was plaintiff, and, as is suggested by the court's charge, was claiming for damage allegedly caused by appellee's negligence in permitting rain to damage the contents of the warehouse. The insurance policy covered damage to goods stored in the warehouse. Appellee, without objection by appellant, introduced in evidence a copy of the proof of loss filed with insurer by appellant. Subsequently, the insurance policy and advice of insurance were introduced in evidence by appellant himself.

The instant case is an action on the contract whereby defendant agreed to pay plaintiff for work on the warehouse roof. The matters of rain, damage to goods in the warehouse, and insurance to cover such damage do not appear to us to be of any concern in the instant case.

■ If the excerpt from the oral charge concerning insurance be erroneous, which we do not decide, the error was in the other case and not in the case at bar. If appellant won the other case, the error is harmless. If appellant lost the other case, he has elected not to appeal, and error in the other case is not open to review in this case. We are of opinion that appellant has not shown that the court erred in the case at bar by giving the excerpt from the oral charge which deals with insurance.

In the second section of his argument, appellant asserts that giving another excerpt from the oral charge constitutes reversible error. In this excerpt, the court instructed the jury with regard to appellee's contention that the rain which damaged the goods in the warehouse was an act of God, and with regard to a party's liability for damage resulting from an act of God.

Here again, the court was instructing the jury with regard to matters which were in issue in the other case, and not in the instant case. What has been said about the excerpt relating to insurance applies here also. We are of opinion that appellant has failed to show reversible error in giving that excerpt from the oral charge which has to do with an act of God.

In the third and last section of the argument, appellant lists: "Assignment of Error 1–20 inclusive." The only mention of an assignment of error in this section of the argument is the statement that "the verdict of the jury was contrary to the weight of the evidence and Garrison should prevail in both cases. We respectfully submit and urge the Court to reverse the verdict of the jury and the Order of the Court made thereon."

As has already been indicated, the other case is not before us and the judgment in that case cannot be reversed here, even if infected with error properly presented.

■ As to the case at bar, the written contract for repairing the roof was offered in evidence by the appellant. Appellant testified that this exhibit "is a confirmation of the verbal agreement." Appellee testified that he had completed the work and that appellant had not paid the contract price. We are of opinion that the evidence is sufficient to support the verdict for appellee.

Error not being shown, the judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and SIMPSON, JJ., concur.