This is a medical malpractice suit brought against an orthopedic surgeon. Bobby J. Holt appeals from a summary judgment in favor of Dr. Godsil entered because of Holt's failure to offer expert evidence of Dr. Godsil's alleged negligence.
On June 1, 1980, Holt sustained a fracture of the fifth metacarpal of his right hand and later that day received medical assistance from Dr. Godsil, who diagnosed the fracture, treated it by closed reduction, and applied a cast to the broken hand in the Lee County Hospital emergency room. During a routine office visit on June 10, 1980, Dr. Godsil examined Holt's hand, and Eddie Kelsey, a cast technician in the office, applied a new cast. Holt returned for a second office visit on June 20, 1980, and although Dr. Godsil was called to the hospital on an emergency and was unable to see Holt, Kelsey removed Holt's cast and applied a new one. According to Holt, Kelsey exerted undue pressure on the fracture while applying the cast. Holt's hand began swelling in the cast, and after experiencing much pain, Holt returned to the emergency room the following day, where Dr. Godsil's partner, Dr. Richard T. Herrick, advised Holt that his hand needed to be recast. Holt scheduled another appointment with Dr. Godsil for June 24, 1980, and on this date, Dr. Godsil was again unable to see Holt due to a hospital medical emergency. Holt refused to allow Kelsey to recast his hand and sought other medical assistance. Later, pins were inserted in the fracture to reset the bone.
On June 1, 1982, Holt and his wife Janette filed a medical malpractice action against Dr. Godsil, which alleged that Dr. Godsil, personally or through his agents or employees, negligently treated Holt, proximately resulting in permanent injury to Holt and loss of companionship to Janette. Dr. Godsil answered their complaint, denying any negligence and averring that he exercised reasonable care, diligence, and skill in treating Holt. Dr. Godsil then filed a motion for summary judgment and attached his affidavit and depositions of the Holts in support thereof. His affidavit stated that he "at all times exercised the same degree of care, skill, and diligence as orthopedic surgeons generally exercise in a similar case." Holt responded to the motion by filing a counter-affidavit. Following a hearing, the trial court granted Dr. Godsil's motion for summary judgment, holding that the Holts' failure to present expert medical testimony in support of their claim precluded a finding of a genuine issue of material fact.
The standard of care which a physician owes to his patients is the exercise of "such reasonable care, diligence and skill as physicians . . . in the same general neighborhood, and in the same general line of practice, ordinarily have and exercise in a like case." Code 1975, § 6-5-484 (a).
To establish a physicians negligence, the plaintiff must ordinarily proffer expert medical testimony as to what is or is not the proper practice, treatment, or procedure. See Parrishv. Spink, 284 Ala. 263, 224 So.2d 621 (1969).
The following situations have been recognized as exceptions to the general rule: 1) where a foreign instrumentality is found in the plaintiff's body following surgery, Sellers v.Noah, 209 Ala. 103, 95 So. 167 (1923); 2) where the injury complained of is in no way connected to the condition for which the plaintiff sought treatment, Parrish v. Spink, 284 Ala. 263,224 So.2d 621 (1969); 3) where the plaintiff employs a recognized standard or authoritative medical text or treatise to prove what is or is not proper practice, Zills v. Brown, *Page 193 382 So.2d 528 (Ala. 1980); and 4) where the plaintiff is himself or herself a medical expert qualified to evaluate the doctor's allegedly negligent conduct, Lamont v. Brookwood HealthServices, Inc., 446 So.2d 1018 (Ala. 1983).
Because the allegations in Holt's counter-affidavit do not fall within any of the exceptions listed above, his evidence does not necessarily show that Dr. Godsil or his agent fell below the requisite standard of care.
In a strikingly similar case, this Court held that the existence of an unfortunate result does not raise an inference of culpability: "The mere fact that the . . . orderly, when he took over the wrapping of the cast, twisted and hurt plaintiff's leg . . . does not permit a reasonable inference of culpability on the part of Dr. Conwell." Watterson v. Conwell,258 Ala. 180, 182, 61 So.2d 690, 692 (1952).
The allegations in Holt's counter-affidavit were, therefore, insufficient to establish the existence of a genuine issue of material fact, and the summary judgment granted in favor of Dr. Raymond D. Godsil, Jr., is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.