This is a medical malpractice case. The appellee, Minnie Wood, sued the appellant, Dr. Samuel Riase and Fairview Medical Center (which is not a party to this appeal), alleging negligent and wanton performance with regard to a bunionectomy performed by Dr. Riase on her feet. In her complaint, Wood alleged that she went to Dr. Riase for a bunionectomy and that he advised her that the surgery could be done in his office or in a hospital. She elected to have the bunionectomy performed in a hospital.
Following her surgery, complications arose with regard to her feet and she was subsequently treated by Dr. Meyer and Dr. Masear, two orthopedic surgeons in Birmingham. They both testified that Wood's problems resulted from the injection of a vasoconstrictor into her feet. Dr. Masear testified that she diagnosed the injection to have been epinephrine. During her testimony, Dr. Masear stated that she discussed Wood's condition with Dr. Riase and questioned him regarding the use of epinephrine. At first, Dr. Riase stated that he had not utilized epinephrine; however, Dr. Masear said that Dr. Riase later related to her that he had consulted his scrub nurse and that the nurse remembered using epinephrine.
The undisputed evidence offered at trial indicated that when Dr. Riase ordered the *Page 647 
nurse to get the local anesthetic, he specified marcaine plain and xylocaine plain (i.e., without epinephrine). The scrub nurse then related this information to the circulating nurse. The circulating nurse retrieved the anesthetic and held the bottle while the scrub nurse drew it out of the bottle with a syringe. He then handed it to Dr. Riase. The circulating nurse mistakenly retrieved marcaine with epinephrine. During the trial, the scrub nurse testified that he did not realize that the wrong medication had been utilized until after the operation. The evidence is undisputed that Dr. Riase did not read the labels on the bottles; rather he relied on the command issued twice for anesthetic without epinephrine.
At the close of the trial, the jury returned a verdict against Fairview Medical Center, but in favor of Dr. Riase. The trial judge granted Wood's motion for a new trial, stating that because the jury obviously found the nurse to be negligent, the conduct of Dr. Riase constituted negligence per se, on the authority of Powell v. Mullins, 479 So.2d 1119 (Ala. 1985). The judge's reasoning, using Powell as authority, was as follows:
 If a surgeon is negligent per se if he leaves a sponge inside the patient even though he relies on a nurse's sponge count, he should also be negligent per se where he administers the wrong drug even though he relied on a nurse to give him the right drug if there is expert testimony which convinces the jury to the effect that administering the wrong drug would proximately cause the patient's injury.
The standard for granting a new trial is set out in Jawad v.Granade, 497 So.2d 471 (Ala. 1986), wherein Justice Houston, speaking for the Court, succinctly relates the history of the old Cobb v. Malone standard[1] and the reasons for establishing a new one. See generally, Jawad, supra, for the history and reasoning behind the Cobb standard. In abolishing the Cobb
standard, this Court stated the new standard as follows:
 [A]n order granting a motion for a new trial on the sole ground that the verdict is against the great weight or preponderance of the evidence will be reversed for abuse of discretion where on review it is easily perceivable from the record that the jury verdict is supported by the evidence. [Emphasis added.]
Jawad, at 477. Therefore, we shall review the evidence to see if "it is easily perceivable that the jury verdict is supported by the evidence." Id.
While we can understand the trial court's attempt to parallel the evidence in the present case with that offered inPowell, supra, we respectfully feel that the judge's interpretation of Powell is not entirely correct. In Powell, Justice Beatty, speaking for the Court, stated the following:
 The only issue presented by this case is whether, on these facts, in order to defeat a motion for directed verdict, plaintiff was required by law to put on expert medical testimony to establish that the defendant's treatment fell below the professional standard of care. We hold that she was not required to do so under these facts.
Powell, at 1120. In answering that question affirmatively, this Court stated, "Under our cases, a failure to remove sponges, needles, etc., which are placed inside the patient during the operation constitutes prima facie evidence of negligence," citing Sellers v. Noah, 209 Ala. 103, 95 So. 167 (1923), andParrish v. Spink, 284 Ala. 263, 224 So.2d 621 (1969).479 So.2d at 1126.
In conclusion, the Court held that leaving a sponge inside a patient did " 'fall within the exception that would allow a jury to exercise its fact-finding prerogative to adjudge liability absent expert testimony,' " quoting Tant v. Women'sClinic, 382 So.2d 1120, 1121 (Ala. 1980) (exception recognized, but issue not presented). 479 So.2d at 1127.
The present case is different from Powell, because in the case before us a review of the testimony given reveals that expert testimony was offered by both sides (although *Page 648 
the appellant argues otherwise); therefore, the exception set out in Powell, supra, does not come into play. Because there was evidence by both sides regarding the use of epinephrine, the jury was entitled to consider and believe either side's evidence.
The trial court, in granting Wood's motion for a new trial, stated that because the nurse was obviously considered negligent by the jury, Dr. Riase should have been held vicariously liable under the "loaned servant" doctrine or under the principles of agency. While under ordinary circumstances we might agree with the trial judge, we do not find it necessary to reach that specific issue. Under the testimony given, the circulating nurse was undisputedly a licensed practical nurse, rather than a registered nurse. The evidence, furthermore, is uncontradicted that it is not below the standard of care for a doctor not to check the qualifications of the support staff provided by hospitals for assistance in surgery. However, it is also undisputed that the Joint Committee for Accreditation of Hospitals has stated that the circulating nurse provided by a hospital should be a registered nurse.
We are of the opinion that under the facts of this particular case, it is "easily perceivable" that the jury could have considered that the above facts negated any argument of agency or of borrowed servant because the hospital had obviously provided someone who was not as qualified or experienced as Dr. Riase was entitled to have.
For the foregoing reasons, the order of the trial court granting a new trial is reversed, and the case is hereby remanded for a reinstatement of the jury verdict.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.
[1] Cobb v. Malone, 92 Ala. 630, 9 So. 738 (1891).